**FRIEDMAN FINANCE CO., Plaintiff-Appellee, v. STOLZENBURG, Defendant-Appellant, and ROSS, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 6033.   Decided May 26, 1959.

Saxbe, Boyd & Prine, Robert E. Boyd, Jr., of Counsel, Columbus, for plaintiff-appellee.

Walter S. Barrett, Jr., Columbus, for defendant-appellant.

(WISEMAN, J, of the Second District, FESS, J, of the Sixth District, sitting by designation in the Tenth District.)

**OPINION**

By FESS, J.

Appeal on questions of law from a judgment entered upon the pleadings in the Municipal Court of Columbus, Ohio.

On April 22, 1954, one Van E. Ross and appellant executed and delivered to plaintiff a promissory note with warranty of attorney annexed in the sum of $465.00, upon which, on July 11, 1956, judgment was taken in the sum of $590.42. On November 15, 1956, on motion of appellant, said judgment was vacated, a tendered answer ordered filed and the

case assigned for trial. On the same date, appellant filed his answer and cross-petition. On March 18, 1957, plaintiff's motion to make the answer definite and clear (sic) was overruled and plaintiff's demurrer to the cross-petition was sustained. On December 2, 1957, a demurrer to defendant's answer was also sustained. After the overruling of a motion to reconsider, on June 23, 1958, the appellant filed an amended answer and cross-petition varying from the former answer and cross-petition only in the amount of the prayer. On September 15, 1958, a motion of plaintiff for judgment on the pleadings was sustained on the ground that the so-called amended answer and cross-petition were filed out of rule, were sham pleadings and did not state a defense or cause of action. In its judgment, the court struck the answer and cross-petition from the files and entered judgment on the pleadings in the sum of $590.42, together with interest. It is from this judgment that the appeal herein is taken.

In our opinion, the demurrer to the cross-petition was properly sustained but in his answer the defendant alleges that he was a co-maker on the note in question which was given as security for a loan made to the defendants and that at the same time a chattel mortgage was given on a Packard automobile; that approximately two months after the execution of the note and chattel mortgage, the automobile was repossessed by the plaintiff without the knowledge of the defendant and was held by plaintiff until approximately April 9, 1956, when it was sold for the sum of $50.00; that the answering defendant had no notice of the sale and that the plaintiff knew that said notice had not been given to said defendant and that the purported judgment is in the form of a deficiency judgment and that the statutory requirement for the taking thereof had not been followed.

Although the allegations of the answer are vague and inarticulate, upon a liberal construction the answer states a valid defense.

When a demurrer to an answer is sustained, and the defendant elects not to plead further, judgment should be rendered for the plaintiff. 31 O. Jur., 786. However, in the instant case the demurrer to the original answer was sustained without entering judgment for the plaintiff, and there resulted no final order from which an appeal could have been taken by the defendant. In the meantime, out of rule, a purported amended answer and cross-petition was filed, which was stricken from the files, thus leaving the original answer still pending. Upon the entry of judgment on the pleadings there resulted a final order from which the defendant took the instant appeal, raising the question of the sufficiency of his original answer, which in our opinion states a defense. Although there was no error on the part of the trial court in striking the amended answer and cross-petition from the files, the court erred to the prejudice of the defendant in sustaining the demurrer to the answer and entering judgment on the pleadings for the plaintiff.

Judgment of the Municipal Court reversed and cause remanded thereto for further proceedings according to law.

BRYANT, PJ, WISEMAN, J, concur.